IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RODGER LEE MORAN, | ) | |
|     Petitioner, | ) | Civil Action No. 7:14cv00154 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C. ZYCH, WARDEN, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

    Petitioner Rodger Lee Moran, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Moran claims that he is actually innocent of the 21 U.S.C. § 851 enhancement applied to his sentence. Specifically, Moran argues that his prior convictions that were used to establish his career offender status during sentence calculations were not found beyond a reasonable doubt by the jury.[1] Upon review of the petition, I conclude that Moran fails to demonstrate that he is entitled to relief under § 2241 and, therefore, I will grant respondent's motion to dismiss the petition.

    Ordinarily, a motion pursuant to 28 U.S.C. § 2255, and not a petition pursuant to 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence, unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *see also United States v. Little*, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a]

---

[1] On June 25, 2009, after a jury trial in the Southern District of Iowa, the court entered judgment convicting Moran of conspiring to distribute at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A), and sentencing him to life imprisonment based on the court's career offender determination. *United States v. Moran*, No. 4:08cr00052-1 (S.D. Iowa June 25, 2009). Moran appealed and the United States Court of Appeals for the Eighth Circuit denied his appeal. *United States v. Moran*, 612 F.3d 684 (8th Cir. 2010). Moran filed a petition for writ of certiorari and the Supreme Court of the United States denied his petition. *Moran v. United States*, No. 10-7618 (Jan. 10, 2011). Thereafter, Moran filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the United States District Court for the Southern District of Iowa denied his motion. *Moran v. United States*, No. 4:11cv567 (S.D. Iowa Mar. 9, 2012). The Eighth Circuit denied his application for certificate of appealability. *Moran v. United States*, No. 12-1873 (8th Cir. Aug. 21, 2012).

conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). A motion pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. *Id.*

Moran's petition does not indicate any respect in which his case meets the standard under *In re Jones* to proceed under § 2241. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." This statement has not been extended to include sentencing calculations made pursuant to the United States Sentencing Guidelines. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *see also United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." (citing *In re Jones*, 226 F.3d at 333-34)). Clearly there has been no change in the law making it now legal to conspire to distribute methamphetamine. Accordingly, Moran fails to meet the *In re Jones* standard to show that § 2255 is inadequate to test the legality of his conviction and, thus, his claims cannot be addressed under § 2241.[2]

---

[2] Moran's reliance on *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013), and *Persaud v. United States*, __ U.S. __, 134 S.Ct. 1023 (2014), to obtain relief under § 2241 is misplaced. *Bryant*, an Eleventh Circuit case, is not controlling on this court, especially in light of controlling Fourth Circuit precedent. *See Poole*, 531 F.3d at 267 n.7; *see also Darden v. Stephens*, 426 F. App'x

2

## III.

For the reasons stated, I will grant respondent's motion to dismiss Moran's petition.[3]

**ENTER**: This 2nd day of March, 2016.

_/s/ Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Moran's reliance on *Alleyne* is misplaced for two reasons. First, *Alleyne* is not retroactively applicable on collateral review. *See, e.g., United States v. Stewart*, 540 F. App'x 171 (4th Cir. 2013). Second, even if *Alleyne* was made retroactively applicable, *Alleyne* does not apply to sentencing enhancements based on prior convictions. *Alleyne*, 133 S.Ct. at 2160 n.1. In *Alleyne*, the Court held that facts increasing "the mandatory minimum sentence are . . . elements [of the charged offense] and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. However, the Court declined to overrule the "narrow exception" that the fact of a prior conviction need not be submitted to the jury. *Id.* at 2160 n.1. (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). Moran's request that I overrule *Almendarez-Torres* is denied. *See Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215 (3d Cir. 2005) ("The District Court clearly does not have the authority to overturn any decision by the United States Supreme Court.").

Finally, there is no holding in *Persaud* that Moran can rely on to obtain § 2241 relief. In *Persaud*, the district court denied petitioner relief under § 2255 and § 2241 and the Fourth Circuit affirmed. *Persaud v. United States,* No. 3:12cv509, No. 3:01cr36-7, 2012 U.S. Dist. LEXIS 167250, at *7, 2012 WL 5902557, at *3 (W.D.N.C. Nov. 26, 2012); *United States v. Persaud*, 517 F. App'x 137 (4th Cir. 2013). In the Supreme Court of the United States, however, the parties requested that the Fourth Circuit's judgment be vacated and the case be remanded in light of a policy asserted by the Solicitor General. *Persaud*, 134 S.Ct. at 1023. The type of order entered in *Persaud* is known as a grant, vacate, and remand ("GVR") order. *See In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838, 845 (6th Cir. 2013). A GVR order "does not constitute a final determination on the merits; it does not even carry precedential weight." *Gonzalez v. Justices of Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005); *see United States v. Simmons*, 635 F.3d 140, 144 (4th Cir. 2011) (observing that a GVR order makes "no determination on the merits"), *rev'd on other grounds*, 649 F.3d 237 (4th Cir. 2011). Accordingly, *Persaud* has not overruled *In re Jones* or *Pettiford* and, thus, affords Moran no relief in his instant petition. Furthermore, the facts of *Persaud* are materially different than the facts of the instant case. Although the district court imposed a mandatory minimum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) because Moran had two prior felony drug convictions, Moran does not claim that any of his prior convictions were not qualifying convictions under § 841(b)(1)(A) or that Eighth Circuit law at the time of his sentencing subsequently changed the way district courts in that circuit identified qualifying prior drug felonies. Instead, Moran raises a procedural challenge claiming that the determination of his prior criminal history should have been made by the jury and not the district judge.

[3] I decline to construe Moran's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255; *Swain v. Pressley*, 430 U.S. 372, 378 (1977). Second, Moran has already filed a § 2255 motion in the Southern District of Iowa. *See United States v. Moran*, No. 4:08cr00052-1 (S.D. Iowa June 25, 2009). In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. *See* § 2255(h). Because Moran has not demonstrated that the United States Court of Appeals for the Eighth Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, I conclude that transfer of a clearly successive § 2255 motion to the sentencing court does not further the interests of justice or judicial economy. Therefore, I decline to construe and transfer Moran's petition.